M’Girk, C. J.,
delivered the opinion of the Court.
A bill in Chancery was brought by William Lyne, against divers persons, devisees and legatees of one Joab Lyne, and against the executor, to set aside a will; and the bill goes against the subscribing witnesses, for a discovery. The bill charges, that the testator was not of sound and disposing mind; that he was practised on by the parties, and that the testator never consented to the same, when he was in a compos mentis situation. It also charges, the will was a forgery. It charges, that these persons, or some of them, have taken possession of the estate, real and personal, and that they keep the complainant out of possession thereof; that the will is void, and that he is the sole heir and distributee at law. The answer of some of thfc defendants, denies all fraud and forgery, confederacy and combination, &c., and prays an issue to be made up to try the validity of the will. An issue is made and tried, and the will is found to b? the will of Joab Lyne. The Court decreed that it was the will of Joab Lyne, and dismissed the bill. The Court, before any answer, on motion of the defendants, struck from the cause, as defendants, the executor and the witnesses to the will. An objection is made, as to the finding of the jury, which we need not notice, because the proceedings are erroneous in other respects. The first point we will notice, is the act of the Court in striking out the names of some of the parties. The law' is, that all proper parties must be plaintiffs and defendants. If unnecessary parlies are made defendants, the Court will, on the application of the plaintiff, strike fhem out: Iiarrison Ch. 76. Rut here the parties discharged were defendants, and they were struck out on their own motion. It is said, by the same book and page, that if unnecessary parties are inserted in a bill, the Court will, on application, permit the necessary alteration to be made. But that does not mean, that the Court will, on the motion of the defendants, when they may think they are unnecessarily made paities, strike them out. But the rule is, that the paities, defendants, may demur, if the matter appears on the record; if not, they must plead it: (2 Mad. Chan. 142). And again, persons who may be examined as witnesses, a-rainst whom no relief is prayed, ought not to be made parties; and such unnecessary paities may demur, or plead thereto, as the case requires: (2 Mad. Chan. 147). The Court erred in striking out the defendants; and for that reason, the judgment is reversed. But what shall be done with this case, is the next inquiry. Here is a proceeding in Chancery to set aside a will. The question is, whether there is a will, or no will, testamentnm ml non, and this is purely a question of fact, to he tried at law : Powell on Devisees, 691-2, and 695-6. A Court of Equity will not set aside a *291 will, upon a suggestion of fraud and imposition in making the will: Pow. Dev. 691. Thus, the law appears to be settled. If in this case, there is probate of the will, Lyne must proceed at law, on the statute, by his petition. If there has been no probate, he may bring ejectment for the lands, and have the will tried in that ■way; and he might constitute himself executor de son tort, by taking possession of tlie goods, and try the question, if sued; or he might apply for letters of administration, and if that is refused, he might apply to the Circuit Court for a mandamus. We do not mean, however to advise the party, but mention these things to show, that the remedy at law, if any existed, is not doubtful.
The bill is dismissed, without prejudice. The plaintiff, or appellant, shall pay the costs incurred in the Court below, and recover his costs in this Court.