## WATSON, ET AL. V. BOTHWELL, ET AL.

1. A court of equity has no jurisdiction to decide on the validity of a will, either of personal or real estate, at the instance of the heir at law.

2. The allegation that the complainants have just cause to fear, and do fear the defendants will remove certain property bequeathed by a will alledged to be void, will not confer jurisdiction on a court of equity in the absence of allegations that the complainants have applied or intend to apply for letters of administration on the estate.

3. The mere circumstance that the devisee under such a will has possession of the title deeds for lands of the testator, will not warrant the heir at law in filing a bill to have them delivered to him.

Writ of Error to the Court of Chancery for the forty-first District.

THE bill is filed by Watson and others, claiming to be heirs at law and next of kin of William Watson, deceased. It alledges that the decedent in his lifetime was possessed of certain described lands, slaves and other personal estate; that he was old, and infirm in bodily health, and for years previous to his death addicted to intemperance; that the defendants, Bothwell and Anderson, taking advantage of his weakness, procured him to make a pretended will some short time before his death, by which he devised and bequeathed the greater portion of his property to the defendant Anderson, as well as one slave to the defendant, Bothwell; that in

Watson, et al. v. Bothwell, et al.

point of fact and law, the said Watson at the time of making this pretended will, was *non compos mentis*; that Bothwell and Anderson are in possession of the property of the deceased, and are either actually insolvent or will soon be so; that they, nor either of them, have ever presented the said pretended will for probate; and the complainants alledge that they have good reason to fear, and do fear that if the said defendants are not restrained, they will remove the slaves and other personal property without the jurisdiction of the State.

The prayer of the bill is, that the defendants may be required to produce the title papers of the real estate; that they may be restrained from removing the property out of the State, and that it may be seized and held until an administrator shall be appointed; and that the pretended will may be delivered up and canceled.

The chancellor dismissed the bill for want of equity, as well as dissolving the injunction which had been awarded by a circuit judge. The dismissing of the bill is now assigned as error.

POPE, for plaintiffs in error, insisted—

1. The bill is maintainable *quia timet*. [Bryant, et al. v. Peters, et al. 3 Ala. Rep. 160, and cases there cited; Leavins v. Butler, et ux. 8 Por. 396, et seq. and cases there cited; Roberson v. Roberson, at this term; 2 Story's Eq. 130, § 826.]

2. "It is a settled principle of a court of equity, that an executor, or other trustee who mismanages, or puts in jeopardy a trust fund, by his insolvency, either existing or impending, should be prevented from further interfering with the estate." [Elmendorf v. Lansing, 4 Johns. Chan. Rep. 565; Leavins v. Butler, et ux. 8 Por. 400, 401.]

3. Executors and administrators are in almost every respect considered in equity, as trustees. [Leavins v. Butler and wife, 8 Por. 397, and cases there cited.]

4. "If the rights" of parties in interest "are in jeopardy," "a court of equity will protect them by making the necessary orders." It will "bring all persons in interest before it, and make a definitive disposition of the claims of all parties."

[Leavins v. Butler and wife, 8 Porter, 401.] Under the facts stated in this bill, plaintiffs' rights as heirs at law, were "in jeopardy," and this gave chancery jurisdiction [Bryant, et al. v. Peters, et al. 3 Ala. Rep. 160; Leavins v. Butler, et ux. 8 Por. 396 to 401, and cases there cited.]

5. The power given to orphans' courts over estates of deceased persons does not entirely divest chancery of jurisdiction. "The general rule is that chancery has a concurrent jurisdiction with the ecclesiastical courts, in all cases, and whichever court is first possessed of the cause has the right to proceed," and this too when the validity or invalidity of a will is involved. [Harrison v. Harrison, et al. 9 Ala. Rep. 470; 4 Burns' Eccl. Law, 266; Blakey's Adm'r v. Blakey's Heirs, 9 Ala. Rep. 394; see also, James v. Scott, 9 Ala. Rep. 586; Planters' and Mer. Bank v. Walker, et al. 7 Ala. Rep. 945; Gayle, et al. v. Singleton, 1 Stew. Rep. 566; Story's Eq. § 64 to 71; 9 Wheat. Rep. 932; 13 Peters' Rep. 151.]

6. Chancery does not *derive* its jurisdiction over the estates of deceased persons, when a proper case is made, solely from the statute, (Clay's Dig. 598, § 15,) but it has jurisdiction by virtue of its *general* powers to prevent irreparable injury. [Leavins v. Butler and wife, 8 Por. R. 396-7.] This statute gives jurisdiction in some cases, but principally it only limits the time within which that jurisdiction may be exercised in cases of wills which have been admitted to probate. [Glascock, et ux. v. Johnson, et al. 2 Ala. Rep. 218; Elliott v. Mayfield and wife, 3 Ala. 223; Bryant, et al. v. Peters, et al. 3 Ala. Rep. 160.]

7. This bill should have been at least retained until the issue of *devisavit vel non* had been tried in the orphans' court, and administration granted there and the property accounted for to such administrator as might be appointed, if the issue was found in favor of the heir at law. [Roberson v. Roberson, at this term; Bryant and others v. Peters and others, *ut supra.*]

Chilton, for the defendant, contended, 1. The bill is filed to contest a will of personal and real estate, before it has been admitted to probate. The rule is well settled, both in England and in this country, that the validity of a will of real

estate must be tried at law, and of personal estate in the court having jurisdiction of probate of wills.   [Story's Eq. Pl. p. 374 §'474; 3 Meriv. R. 161; 2 Story on Eq. § 1445, 1448; Cooper's Eq. Pl. 125 ; Story's Eq. Pl. 607 § 788 ; 8 Ves. 89.]

2. The bill asks the production of title deeds, but complainant is not entitled to them unless the will is set aside. There being no action pending to try the title, they are in no way necessary to enable complainants to secure their right. [3 Meriv. R. 172; 4 Ves. 66.]

3. There is no action pending to try the right at law, or in the probate court: the injunction to stay waste, and to prevent the removal of the property is but consequential upon the relief sought.   If the relief fails, the court cannot sustain the bill upon the ground that the property may be removed, &c.   [8 Ala. R. 669.]

4. Besides, the orphans' court, which alone has primary jurisdiction, is fully adequate to protect the rights of all parties, and to this end is wisely invested by our statutes, with plenary powers.   [Clay's Dig. 222, § 10.]

5. But if the party had the right to resort to chancery to enjoin the devisees from removing the property, some *reason* for invoking the exercise of this extraordinary power should be stated, other than the insolvency of the devisees.   " That complainant has reason to fear, and does fear the property will be removed," is too vague and indefinite to warrant such an interposition of chancery.   To hold such sufficient, would be to permit the groundless apprehensions resulting from the morbid sensibilities of the hypochondriac, supply the place of *substantial* allegation.   [3 Ala. Rep. 251.]

6. An injunction will not lie to change the possession of the subject while the right remains undetermined.   [Hopk. R. 114.]   Upon the same principle, a creditor at large, or before judgment, cannot enjoin even the fraudulent disposition of the debtor's estate.   [2 Johns. C. R. 144; 7 ib. 206.]

GOLDTHWAITE, J.—1. The complainants insist that their bill is maintainable on three distinct grounds: 1. To set aside the pretended will because of the fraud in procuring it to be made, or on account of the want of capacity to make it. 2. To prevent the injury which might arise if the personal

estate were withdrawn from the jurisdiction of the court. And 3. Because they are entitled to have the title deeds for the real estate, to enable them to test their right at law. We shall consider the case in each of these views.

It is so well settled that one claiming a right adverse to a will, has no claim to come into chancery on the naked ground to set it aside, that scarcely a decision to the contrary can be found in the books. In Jones v. Jones, 3 Merrivale, 161, the complainant, as heir at law, sought to set aside a will on grounds very similar to those urged here, but Sir William Grant said it was impossible it could be made a serious question, that the validity of a will either of real or personal estate is to be determined in a court of equity—that although there may have been instances of issues directed on the bill of an heir at law, when no opposition had been made to that mode of proceeding, yet he apprehended the heir at law could not insist on any such direction. [See also, 1 Story's Eq. § 184, 440.] It is only in suits to establish a will against the heir at law, that he is entitled by the course of equity law, to demand an issue, and it only when in such a suit the will is established, that the heir at law will be restrained from his legal right to control it. [2 Story's Eq. § 1445 to 1449.] The bill cannot therefore be sustained to set aside the will.

2. We apprehend the jurisdiction of chancery to interfere so as to prevent personal estate from being withdrawn from the jurisdiction pending a controversy either with respect to the probate of a will or in relation to the administration, is within its admitted powers. The origin of this jurisdiction most probably was the defect of power in the ecclesiastical courts to provide a remedy for the evil, but with us, the orphans court, by statute, is authorized to grant administration " during any contest about the validity of a will, the infancy or absence of the executor or administrator, and in such other cases not otherwise provided for, with such limited authority as the case may require, and when the necessity of the case may require, such administration may be granted forthwith, without any citation." [Digest, 222, § 10.] In view of this statute, it is difficult to conceive of any case in which a necessity can exist for the application to the pre-

ventive power of a court of equity, unless it be when the orphans' court refuses to make an appointment to meet the specific emergency; as, after the appointment, the administrator would possess the necessary means, by a suit at law to prevent the removal of the property by taking it into his possession, or by suing for it by the statutory action of detinue. Without undertaking, however, to say, that a bill to restrain the removal of personal property pending the litigation, will not lie in peculiar cases, we are satisfied this cannot be sustained on this ground, because there is no sufficient allegation in the bill, that the complainants have applied, or intend to apply, for letters of administration. As the ground upon which equity assumes jurisdiction is, to protect the property *pendente lite*, (Atkinson v. Henshaw, 2 V. & B. 85; Ball v. Oliver, Ib. 96; King v. King, 6 Vesey, 172;) it is evident the fact of litigation, whether actual or contemplated, should be stated before a bill will hold on this foundation. In this respect the present bill is entirely defective, and there is no allegation on which it can be sustained as a bill to prevent a future injury.

3. In relation to the other ground asserted as sustaining the bill, it falls within the same category as the last. Conceding that cases may exist in which the heir at law might call for the exhibition of title deeds, against the devisee, it is certain a foundation must be laid to induce a court of equity to compel their production. As to these deeds, the complainants, as is said in Jones v. Jones, 3 Merivale, 161, stand solely on their title as heirs, and if they cannot set aside the will, they have nothing to do with the deeds.

The only point in the case on which we have entertained the least doubt, is the second one before noticed, and being now satisfied that is clear for the defendants, we affirm the decree.