Doe, ex dem. Foute, v. McDonald.

beneficially interested in it must look to the administrator or trustee.

Judgment affirmed.

---

### Doe, ex dem. Foute, v. William McDonald.

On the trial of this case in the circuit court, the plaintiff's lessor offered in evidence to sustain his title to a part of the land in litigation, the following certificate: "I, Austin Morgan, register of the land-office at Jackson, Mississippi, formerly Mount Salus, hereby certify, that Jacob Collins entered the west half of north-east quarter of section five, township seven, range three west, containing seventy-seven and forty-four one hundredths acres, on the 7th day of September, 1835, as appears of the records of this office. Given under my hand and private seal, having no official seal. Austin Morgan [Seal], Register. Jackson, Dec. 1, 1849": — *Held*, that the evidence offered is not such a certificate as contemplated by the act of 1822, (Hutch. Co. 864,) nor is it a certified copy of the entry from the books; and it is not such evidence as is authorized by any of the statutes of the State.

The court of chancery cannot take jurisdiction of a bill that has for its object the settlement of the accounts of an executor or administrator, and the distribution of the assets and property of an estate.

It has been settled by this court, that the probate court has exclusive jurisdiction over the settlement of administration accounts, and that the court of chancery has no such jurisdiction. 10 S. & M. 159; 14 Ib. 94; Ib. 201, cited and confirmed.

In cases of fraudulent settlement in the probate court and under peculiar circumstances, in which that court would not be competent to give relief, a court of chancery has power to set aside the settlement and open the proceedings in the probate court, to the end that a new account and settlement may be made in that court; but the chancery court has no power to assume the jurisdiction of the probate court, and have the settlement made in its forum: — *Held*, that the decree under which the appellee relied for title to the land is void.

The circuit court erred in refusing to give the instructions asked by appellant.

In error from the circuit court of Hinds county; Hon. P. W. Tompkins, judge.

Doe, ex dem. Foute, *v.* McDonald.

The opinion contains the facts of the case on which the decision was made, as well as the instructions of appellants refused by the circuit court.

*J. F. Foute* for appellants.

The first bill of exception presents the question of legality of opinion of the court below, in rejecting two certificates of A. Morgan, register of land-office, of entries of lands, by Jacob Collins and Joseph W. Camp; copies of which are set out, and were offered as evidence by plaintiffs below (and plaintiffs in error here) to the jury, and rejected by the court. As to those questions, plaintiffs in error rely on the following: *Surget v. Little,* 5 S. & M. 519; *Sessions v. Reynolds,* 7 Ib. 130.

The second bill of exceptions presents here for review the opinion of the circuit court, refusing plaintiffs permission to read to the jury as evidence the deed offered, and certificates and indorsements thereon from D. Thomas, sheriff and tax collector of Hinds county, to A. M. Foute, one of the lessors of plaintiffs.

That this ruling by the court was erroneous, plaintiffs rely on the following statutes, &c. Hutch. Co. 176, § 18; Ib. 200, § 55; Ib. 181, § 7; Ib. 190, § 31; Ib. § 27; Acts of 1844, 74, § 38; Ib. 1843, 43, § 7; Ib. 1844, 71, § 31; Ib. 1843, 42, § 63; Ib. 1844, 69, § 28, 126; Ib. 81, § 57.

The third bill of exceptions sets out all the evidence on part of plaintiffs permitted by the court to go to the jury; and also sets out a copy of record and deed, &c., from superior court of chancery of State of Mississippi, &c., and deed of sheriff allowing to John McDonald for land in declaration claimed as evidence for defendant, to which plaintiffs objected, and objection overruled, and exception thereto by plaintiffs.

Many points arise under this exception; and to show the ruling of the court below to be erroneous, we refer to the following authorities. Constitution of State of Mississippi, Hutch. Co. 45, art. 4, § 18.

The matters of the bill in September court of chancery were not within the jurisdiction of that court, and belonged exclu-

Doe, ex dem. Foute, *v.* McDonald.

sively to the probate court. *Cabell* v. *Martin*, 1 How. 558; *Carmichael* v. *Browder*, 3 Ib. 252; *McRea* v. *Walker*, 4 Ib. 455; *Carmichael* v. *Hunter*, Ib. 308; *Gains* v. *Smiley*, 7 S. & M. 53; *Green* v. *Creighton*, 10 Ib. 159.

The decree of the superior court of chancery was absolutely null and void for want of jurisdiction of the subject-matter of the bill. *Green* v. *Creighton*, 10 S. & M. 159.

But if not an absolute nullity, the plaintiffs being privies in the estate, i. e. claiming under Collins, have the right to attack the decree, even collaterally, and to have all the rights and privileges of creditors against Collins the debtor.

Again, the reference by the court of chancery of accounts of Collins's executor of Hendricks for settlement, was void and without authority, and the proceedings on the report of the commissioners not in accordance with the rules of that court. Rules of Chancery Court, and *Poindexter* v. *La Roche*, 7 S. & M. 699.

The final decree is against Jacob Collins, executor of Hendricks, and in representative character, and the execution against him thereon is against his personalty and realty.

*T. J.* and *F. A. R. Wharton* for appellee.

First, then, was there any error committed below in refusing to permit Austin Morgan's certificate to be read as evidence?

We maintain that the court correctly ruled, and a very brief and simple answer on the point will suffice. What kind of certificates are they? The first one is dated the 1st Dec., 1849, in which Austin Morgan, as register, certifies that Jacob Collins entered the west half of north-east quarter of section five, township seven, range three west, containing seventy-seven $\frac{44}{100}$ acres, on the 7th day of September, 1835; as appears from the records of this office.

The second one is dated 19th of April, 1850, in which Austin Morgan as register, certifies that Joseph W. Camp entered the west half of south-west quarter, section four, township seven, range three west, on the 22d of Jan., 1835; and the east half of south-east quarter, section five, township seven, range three west,

on the 26th of November, 1832, as appears of record in his office.

Having seen what kind they are, let us inquire what kind the law contemplates when they are to be used as evidence in the trial of causes. We premise that our objection to them is, that instead of their being as they are mere certificates of Austin Morgan, that many years prior to the date of his said certificates, certain persons had entéred certain lands; they should have been, in order that they might be admissible as evidence, copies from the records in his office, made at the time of the entries. The act of Congress regulating this matter, may be found on page 152 of Gordon's Digest; it prescribes that the registers of the land-offices " shall receive and enter on books kept for that purpose only, and on which no blank leaves or space shall be left between the different entries; the applications of any person who may apply for the purchase of any section, half section, quarter, or one eighth section, and who shall produce a receipt from the treasurer of the United States, or from the receiver of public moneys appointed for that purpose, for the amount of the purchase-money, stating carefully, in each entry, the date of the application, the date of the receipt produced to him, the amount of the money specified in such receipt, and the number of the section, half section, quarter or one eighth section, township, and range applied for. He shall file the receipt for moneys produced by the party, and give him a copy of his entry, and if required, a copy of the description of the tract, and a copy of the plat of the same, or either of them." The statute of Mississippi, of June 28, 1822, code 858, provides that all certificates issued in pursuance of any act of congress, by any board of commissioners, register of a land-office, &c. &c., shall be received as vesting a full legal title, &c. The act of June 29, 1822, code 864, provides that " copies of the records appertaining and belonging to the land-offices of the United States established in this State, duly authenticated by the proper officer having charge of the said records, shall be admitted as evidence in suits depending in the courts of this State, in all cases where the original or sworn copies could be admitted, without further or other proof of such

record, in the same manner, with the same effect, and subject to the same rules and regulations as in cases of certified copies of records of any court of this State."

The act of 1837, code 869, declares that certain copies shall be received in evidence without accounting for loss or absence of the originals, when they are certified by the proper keeper of the originals. The second section of the said act provides that copies of all certificates issued in pursuance of any act of congress by any register of a land-office shall be competent evidence without accounting for the originals, provided that they be certified by the proper officer, &c. And see also the last act on the subject, that of 1844, code 871.

It is objected, in the third place, that the court below erred in permitting the record from the chancery court to be read in evidence. We were never more at a loss than to anticipate what will be urged in support of this objection. The plaintiff himself, after failure to deraign his title from the entry of the land, as he first sought to do, insisted that both parties claimed title through a common source, Jacob Collins; he, at execution sales under judgments of the circuit court against said Collins, the records of which he read in evidence, and we, under a decree of the chancery court, rendered in the very case the record of which he now objects was illegally admitted in evidence, and that, too, after having himself read in evidence to the jury the very deed made to us by the sheriff on account of our purchase under an execution emanating on that decree.

But there is no real objection to the admissibility of the record which we can start up. It was the judgment of a court of competent jurisdiction against the party under whom plaintiff claims title; the decree provides for the issuance of execution. Execution does issue; a levy and sale are made under it; we become the purchaser; a regular deed is made to us; is recorded. The record is properly certified to be a full and complete one. If the record of the judgment plaintiff claims under were admissible, how is the record here admitted less so?

Mr. Justice HANDY delivered the opinion of the court.

Doe, ex dem. Foute, *v.* McDonald.

This was an action of ejectment in the circuit court of Hinds county, brought by the lessors of the plaintiff, for a tract of land in that county. The declaration contained two demises, one by Jacob F. Foute and the other by Augustus M. Foute. On the trial both of these demises were attempted to be supported, title under the former being rested on a sheriff's sale under execution against one Jacob Collins; and under the latter, on a tax collector's sale. Our attention will be confined to the former title, and to such questions in relation to it as in our view will determine title as between that lessor and the defendant.

First. The plaintiff's lessor offered in evidence a certificate in the following words, in reference to a part of the lands in controversy: —

"I, Austin Morgan, register of the land-office at Jackson, Mississippi, formerly Mount Salus, hereby certify, that Jacob Collins entered the west half of north-east quarter of section five, township seven, range three west, containing seventy-seven $\frac{44}{100}$ acres, on the 7th day of September, 1835, as appears of the records of this office. Given under my hand and private seal, having no official seal.

W. ½ of N. E. ¼ S. 5,      Austin Morgan, [seal,]
T. 7, R. 3, West.                Register.
Jackson, December 1, 1849."

The defendant objected to the admission of this paper in evidence, and the court sustained the objection; and this presents the first question for consideration. We think that the objection was properly sustained. The evidence offered was neither a certificate, as contemplated by the act of 1822, Hutch. Dig. 858, nor a copy of such certificate within the act of 1837, § 2, Hutch. Dig. 869, nor a copy of a record appertaining to the land-office under the act of 1822, Hutch. Dig. 864, nor a certified copy from the books of entries in the land-office under the act of 1844, § 2, Hutch. Dig. 871. It is a mere certificate of the register that certain facts appear by the books in his office; a statement of his own conclusions from the facts stated in the books, and not a certified copy of the entry itself from the books.

Such evidence is not authorized by any of our statutes upon the subject. *Cockerel* v. *Wynn*, 12 S. & M. 117.

The plaintiff's lessor then stated to the court that he and the defendant both claimed title to the lands in controversy from one Jacob Collins, which was not denied, and read to the jury a deed from the sheriff of Hinds county, dated 8th of October, 1839, by which the land in controversy was sold and conveyed to one John McDonald by virtue of an execution in the said sheriff's hands, issued on a decree in chancery against Jacob Collins, dated 8th of August, 1836. He also proved by John McDonald, that after he had purchased the lands at said sheriff's sale, he sold them to the defendant in the year 1845, who took possession under his purchase; that the witness never had or claimed any other title than that acquired by the said sheriff's sale, and that the defendant never had or claimed any title or right of possession to the lands than that derived from the witness; which evidence was offered and admitted without objection.

The plaintiff's lessor then offered in evidence the records of two judgments at law in Hinds circuit court, rendered 3d of December, 1838, against Jacob Collins, the executions thereon and the sheriff's deed to Jacob F. Foute, dated 1st of November, 1839; and here rested the case as to the demise of Jacob F. Foute.

The defendant then offered in evidence a transcript of a record from the superior court of chancery, showing a decree against Jacob Collins on the 8th of August, 1836, for $15,273.52, and sundry executions thereon, including an execution issued to the sheriff of Hinds county on the 2d of September, 1839, under which he sold the land in controversy, and John McDonald became the purchaser, and the sheriff's deed made thereupon, dated 8th of October, 1839, being the same deed previously offered in evidence by the plaintiff. The plaintiff objected to the admission of all this evidence, but the objection was overruled, and the evidence permitted to go to the jury.

After the close of the evidence the following instructions, among others, were asked in behalf of the plaintiff's lessor: —

1. That the decree of the superior court of chancery against Jacob Collins, dated 8th of August, 1836, a copy of which has been read in evidence, was void, and that the execution and levy thereof on the lands of Jacob Collins, and the sale of the lands thereunder by the sheriff of Hinds county, were void.

2. That the judgment rendered 13th of December, 1838, in Hinds circuit court, under which the plaintiff's lessor claims, did create a lien from that date upon the lands of Collins, and the levy and sale of the lands by the sheriff of Hinds county gave to the purchaser at such sale a title to the lands, superior to the title relied on by the defendant as offered to the jury.

These instructions were refused by the court; and the plaintiff's lessor excepted thereto, and to the admission of the evidence of title above stated as offered by the defendant. The verdict and judgment being against him, he moved for a new trial, which was overruled.

The essential question, upon which the rights of the parties as they are presented for our determination in this case depend, is, whether the decree of the superior court of chancery, under which the defendant claims title, is void. And this renders it necessary to consider the nature, objects, and legal effect of the bill upon which that decree was founded.

It was filed by the heirs at law and distributees of John W. Hendricks, who died, leaving his last will and testament, in which he appointed Jacob Collins, and his widow, Anne Hendricks, his executors. The substantial statements of the bill are, that the executors made a fraudulent concealment of the money of the testator on hand at the time of his death, and of a large amount of debts due the estate, in the inventory returned by them to the probate court; that the executor and executrix purchased property of the estate at their own sale, and at a sacrifice, and should be charged with the appraised value thereof; that they made a settlement (whether final or not does not appear) with the probate court in 1824, showing due from them $1,600 or $2,000, but have refused to make distribution to the complainants, who were entitled to it; that this account was unjust and erroneous in not charging themselves with the amount of sales, nor for interest upon moneys admitted to have

52 *

been in their hands for a long time, and used by them, nor for the full amount of money collected by them, or which came to their hands at the testator's death, and that they have improperly charged illegal claims against the estate; that they have since collected large sums of money, for which they have rendered no account; that the executrix married one Hand in 1825, and lived with him until her death in 1832; that in 1829 the executor and executrix, being cited for that purpose, gave additional security, and new bond for the performance of their trust; that Hand, after his marriage, took possession of certain slaves, in which his wife had a life-estate under the will, collected debts of the estate, and with Collins's consent was the principal manager of the estate, and acted as executor jointly with Collins, and in collusion with him, and claimed, fraudulently, that the slaves in which his wife had a life-estate, and their increase, were his property, and upon her death, Hand and Collins sold the slaves at public auction, on credit, in Wayne county, in this State, and took notes for the purchase-money, which remained in the hands of the defendant Sterling, the attorney for the executors, and that Hand became the purchaser of a large portion of these slaves, and has removed them from this State, and will shortly remove himself; that he has large sums of money and much property of the estate for which he has not accounted; and that for all their acts the parties refuse to account. The prayer is for an injunction, *ne exeat*, an account to be taken in that court surcharging and falsifying the account rendered in the probate court, and for a return of the specific slaves unlawfully sold by the defendants. An account was taken and a decree rendered thereon for the sum of $15,273.52.

It is manifest, from this statement of the allegations and scope of the bill, that its object was to have a settlement of the accounts of the executors, and a distribution of the assets and property to the complainants. It is true that remedial process of *ne exeat*, injunction, &c., is prayed, but these are merely subordinate and auxiliary to the main purpose of the bill. Such process might have been granted by the chancery court, to restrain the defendant, or secure the property until the probate court could settle the executor's accounts, and order distribu-

tion, but then the jurisdiction of chancery would end, for aught that appears in this bill.   It is firmly settled by this court, that the probate court has exclusive jurisdiction over the settlement of administration accounts, and that the court of chancery has no such jurisdiction.   *Green* v. *Creighton,* 10 S. & M. 159; *Searles* v. *Scott,* 14 Ib. 94; *Neylans* v. *Burge,* Ib. 201.   In cases of fraudulent settlement in the probate court, and under peculiar circumstances, in which that court would not be competent to give relief, a court of chancery has power to set aside the settlement, and open the proceedings in the probate court, to the end that a new account and settlement may be made in that court.   But there is no power in the chancery court to assume the jurisdiction of the probate court, and have the settlement made in its own forum ; and this is manifestly the object of this bill, and the relief which was actually granted.   And nothing appears in the bill to show that the jurisdiction might not have been efficiently exercised, and the relief granted in the probate court.

We are constrained, therefore, to declare that the superior court of chancery had not jurisdiction of the subject-matter, and that the decree is void; and it follows that the defendant in this action can derive no title to the property in question under the decree, and the court below erred in refusing the two instructions above stated.

The judgment is reversed, and the case remanded.