## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### DILLARD V. DILLARD'S EX'OR AND ALS.

December 16th, 1883.

WILLS—*Probate—Contestant—Impeachment in equity—Res judicata—Construction of statutes—Case at bar.*—Executor offers will for probate, J enters himself as contestant, and afterwards withdraws, and the will is probated; J then brings a bill in equity to impeach the will. Executor pleads that J was party to the "*proceeding*" of probate, and consequently, under Code 1873, ch. 118, § 34, debarred from again contesting the will.

HELD :

1. The word "*proceeding*," in said section, refers to the *entire* proceeding, including the order admitting the will to probate, or rejecting it.
2. To support plea of *res judicata*, parties alleged to be concluded must have been parties or privies to the judgment, whereby the matter in controversy was determined.
3. When the order of probate was made, J was not a party to the proceeding, and is not bound by it, so as to debar him from impeaching the will in equity within five years, under said section.

Appeal of John T. Dillard from decree of circuit court of Nelson county, rendered on October 1st, 1880, dismissing his bill brought to impeach the will of Narcissa E. Dillard, deceased.

Opinion states the case.

*T. P. Fitzpatrick, Ro. Whitehead, John H. McCue,* for the appellant.

*Coghill & Berry* and *J. D. Horsley,* for appellees.

'Lewis, P., delivered the opinion of the court.

A paper writing purporting to be the last will and testament of Narcissa E. Dillard, deceased, together with a codicil thereto, was, by the parties named as executors therein, produced in the county court of Nelson county, on the 27th day of August, 1878, and offered for probate. And thereupon John T. Dillard, the appellant here, appeared by attorney, and entered himself as contestant of the said will and codicil. Afterwards the case, by consent of parties, was removed to the circuit court of Nelson county for trial, and at the following September term of that court the contestant withdrew his motion to contest, and the will and codicil was thereupon duly admitted to probate. At the February rules, 1879, the said John T. Dillard and Lemuel T. Dillard filed their bill in equity in the said circuit court to impeach the will and codicil, and in the progress of the case an issue of *devisavit vel non* was made up and submitted to the jury for trial, and a verdict returned against the validity of the will and codicil. But the court set aside the verdict and granted a new trial, and afterwards, on the motion of Lemuel T. Dillard, he was permitted to withdraw as a party plaintiff to the suit  Thereupon the defendants tendered a plea in which they averred that the sole remaining plaintiff, John T. Dillard, was a party to the proceeding in which the will was admitted to probate, and was therefore precluded and debarred from again contesting the same. The plea was received, against the objection of the plaintiff, and issue being joined thereon, the order directing an issue was set aside, and the bill dismissed. From this decree an appeal was allowed, and the single question to be determined is, whether the appellant was concluded by the order of the court admitting the will to probate.

The probate proceeding was begun *ex parte*, and was under § 34, ch. 118 of the Code 1873. By that section it is provided that "after a sentence or order, under this section, a person interested, who was not a party to the proceeding, may, within five years, proceed by bill in equity to impeach or establish the will, on which bill a trial by jury shall be ordered, to ascertain whether any, and if any, how much of what was so offered for probate be the will of the decedent. If no such bill be filed within that time, the sentence or order shall be forever binding"

The case turns upon the construction to be given to the term "proceeding," as thus used in the statute. And we think it refers to the *entire* proceeding, including the order admitting the will to probate, or rejecting it. The language of the statute is: "After sentence or order . . . a person not a party to the proceeding may, within five years, proceed by bill in equity," &c. Now, to support a plea of *res judicata*, it is essential that the person alleged to be concluded should have been a party or privy to the judgment by which the matter in controversy was adjudged and determined. And in that connection parties include all who are directly interested in the subject matter, and who had a right to make defence and to appeal from the judgment. Persons not having substantially those rights are regarded as strangers to the cause, and are not bound by the judgment. *Robbins* v. *Chicago*, 4 Wall. 657. In the present case, when the order admitting the will to probate was made, the appellant was not a party to the proceeding; he had previously withdrawn as a party therefrom, and there is nothing in the language or apparent policy of the statute which denies to him the right to do so. The case, in principle, is like that of a plaintiff who suffers a *nonsuit*, and afterwards renews the controversy by another suit.

And as the appellant was not a party to the order in question, he cannot be held to have been concluded thereby, and the issue joined upon the plea ought to have been decided in his favor. The decree of the circuit court must, therefore, be reversed, and the cause remanded for further proceedings.

DECREE REVERSED.